Fred L. HARPER et al.,
Plaintiffs-Appellants,

v.

T. Louie WOOD, Jr., et al.,
Defendants-Appellees.

No. 77–1732
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1977.

Thomas M. Jackson, Jerry Boykin, Macon, Ga., for plaintiffs-appellants.

W. Warren Plowden, Jr., Wallace Miller, Jr., Macon, Ga., for defendants-appellees.

Before COLEMAN, MORGAN and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellants in this case, seeking to represent in a class action some 47 vocational educational teachers at the Macon Area Vocational-Technical School, filed suit against members of the Bibb County Board of Education; alleging that the Board had deprived them of federally protected rights by not giving them the same supplement, normally $800 annually, to the state-paid minimum base salary that the Board provides for the elementary and secondary school teachers it employs. Alleging jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), they sought declaratory and injunctive relief as well as the award of back pay. They also alleged that the Board's policy violated their rights under Constitution Article 1, Section 10 (impairing obligation of contracts). On June 4, 1976, the district court entered a preliminary order, based on this Court's holding in *Muzquiz v. City of San Antonio*, 5 Cir. 1976, 528 F.2d 499 (en banc), that it was without jurisdiction to award the back pay damage claim, but it maintained jurisdiction for consideration of the claim for declaratory and injunctive relief. The parties agreed to submit the case on briefs with evidentiary docu-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

ments attached. On Feb. 16, 1977, final judgment was entered by the court, ruling that appellants were not entitled to any relief, based essentially on the following considerations:

1. Under the present schedules, the base salaries for "vo-tech" teachers in the secondary schools were higher than those for teachers of academic subjects.

2. The classification in this case was not a suspect one calling for stricter scrutiny, since the classification was based on economic and policy considerations and was totally unrelated to the types of personal traits and stereotyped group characteristics which have formed the basis for classifications which have been found to be suspect. See *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).

3. One of the chief considerations advanced by the Bibb County Board to justify its policy was that its secondary and elementary schools were operated solely for the benefit of students in Bibb County, whereas its post-secondary vocational programs serve not only Bibb County students but also students from neighboring counties throughout the state. Thus the Board's decision reflects a determination to roughly correlate local financial support of educational programs with local utilization and benefit from them, and because of the limited funds available, if the Board did otherwise, a curtailment of all vocational programs and diminution in their quality might result.

4. The Supreme Court has stated with respect to the administration of public education that, "The very complexity of the problems of financing and managing a statewide public school system suggests that 'there will be more than one constitutionally permissible way of solving them,' and that, within the limits of rationality, 'the legislature's efforts to tackle the problems' should be entitled to respect." *San Antonio School District v. Rodriguez*, 411 U.S. 1, 41–42, 93 S.Ct. 1278, 1301–1302, 36 L.Ed.2d 16, 48 (1973). Here since the Board of Education acted well within its constitutional discretion, the plaintiffs are not entitled to declaratory or injunctive relief.

We affirm the judgment of the district court, both as to the claim for back pay, and as to the denial of declaratory and injunctive relief, concluding that the classification in this case is constitutional and rationally related to a legitimate state end.

AFFIRMED.